UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HEARDEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WINDSOR REDDING CARE CENTER, LLC, et al.,<br><br>Defendants. | No.  2:22-cv-00994-MCE-DMC<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs are the relatives of and successors-in-interest to 15 individuals who were residents of Windsor Redding Care Center LLC ("Windsor"), a skilled nursing facility, in the fall of 2020.  According to them, the policies and practices of Defendants Windsor, Shlomo Rechnitz, Brius Management Company, Brius LLC, Lee Samson, and S&F Management Company (collectively, "Defendants") caused an outbreak of COVID-19 at Windsor that resulted in the death of 24 residents, including the residents named in this case.  On August 26, 2021, Plaintiffs filed their Complaint in Shasta County Superior Court, asserting the following causes of action:  (1) abuse and neglect of an elder; (2) negligence and negligence per se; (3) violation of the Patient's Bill of Rights, California Health and Safety Code § 1430; (4) unfair business practices in violation of California Business and Professions Code § 17200; (5) wrongful death; and (6) fraud

and misrepresentation.  See generally Ex. B, Not. Removal, ECF No. 1-2.  Defendants removed the action to this Court on June 6, 2022, basing subject matter jurisdiction, in part, on the embedded federal question doctrine.[1]  See Not. Removal, ECF No. 1 ¶¶ 1, 28–30 ("Not. Removal").  Presently before the Court is Plaintiffs' Motion to Remand, which has been fully briefed.  ECF Nos. 15 ("Pls.' Mot."), 20 ("Defs.' Opp'n"), 23 ("Pls.' Reply").  For the following reasons, Plaintiffs' Motion is GRANTED.[2]

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction."

---

[1] Defendants assert two additional grounds for federal jurisdiction:  the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e ("PREP Act").  Not. Removal ¶¶ 1–2.  In acknowledging "that the Ninth Circuit has rejected similar jurisdictional arguments," Defendants nevertheless assert those bases for jurisdiction here "in order to preserve their arguments for review, including by the Ninth Circuit sitting en banc and by the United States Supreme Court."  See id. ¶¶ 7, 27, 40; see also Defs.' Opp'n, at 13–14.  Therefore, the Court will not address these two bases for jurisdiction in resolving the present Motion.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand.  See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.  Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal.  They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  ARCO Env't Remediation L.L.C. v. Dep't of Health & Env't Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///
///
///
///
///

# ANALYSIS

### A.     Embedded Federal Question Doctrine

As stated before, Defendants argue that this Court has jurisdiction under the embedded federal question doctrine, specifically on the basis that Plaintiffs' causes of action implicate the PREP Act.[3]  See Not. Removal ¶ 5.  "Under this doctrine, 'federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'"  Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679, 688 (9th Cir. 2022) ("Saldana") (quoting Gunn v. Minton, 568 U.S. 251, 258 (2013)).  "The well-pleaded complaint rule applies when determining whether the embedded federal question doctrine applies."  Id. (citation omitted).

The Ninth Circuit, faced with causes of action comparable to those presented here, found that such claims are properly "raised under California law and do not raise questions of federal law on the face of the complaint" sufficient to confer this type of jurisdiction.  Id.  Furthermore, the Ninth Circuit concluded that, even if the defendant "seeks to raise a federal defense under the PREP Act, . . . a federal defense is not a sufficient basis to find embedded federal question jurisdiction."  Id. (citing Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1090 (9th Cir. 2009)).

Defendants "acknowledge that this Court is bound by the Ninth Circuit's decision in Saldana," Not. Removal ¶ 30, but nevertheless argue that Saldana is factually distinguishable from the present case:

> While Saldana also rejected application of the embedded federal question [doctrine], it did so on the basis of materially different case-specific facts.  Specifically, there the plaintiffs argued that the defendants had failed to employ approved countermeasures at all.  This theory took them outside the

---

[3] The provisions of the PREP Act, passed by Congress in 2005, are triggered when the Secretary of the Department of Health and Human Services makes a determination that a disease or other health condition poses a potential public health emergency.  42 U.S.C. § 247d-6d(b)(1).

4

> PREP Act's scope, which is focused on covered countermeasures. Here, by contrast, Plaintiffs allege that Defendants did employ countermeasures falling with[in] the PREP Act's scheme, but failed to do so in a proper manner. This distinction is a critical one, demonstrating that Saldana's holding as to the embedded federal question doctrine is distinguishable.

Defs.' Opp'n, at 8–9 (emphases in original).[4] However, the Ninth Circuit's holding is not so limited, for it acknowledged that, "according to the complaint, only some of the steps [the defendant] allegedly took, and did not take, may have involved a 'covered person,' under the PREP Act." Saldana, 27 F.4th at 689. In other words, the Ninth Circuit "said Saldana's claims may in part arise from the use or non-use of covered countermeasures," and thus any such distinction was not central to the Ninth Circuit's overall conclusion that a PREP Act federal defense was not a sufficient basis to find embedded federal question jurisdiction. See Pls.' Reply, at 4. Because the Saldana decision is binding precedent and is dispositive of all three grounds asserted by Defendants for federal jurisdiction, as Defendants concede, this Court lacks jurisdiction to hear this case. Accordingly, Plaintiffs' Motion to Remand is GRANTED.[5]

### B.  Attorneys' Fees

Should the Motion be granted, Plaintiffs request that the Court award them attorneys' fees and costs incurred in responding to Defendants' removal. See Pls.' Mot., at 22–25. Defendants removed this action in June 2022, over three months after the Saldana decision in February 2022 and over a month after the Ninth Circuit unanimously denied rehearing and en banc review of Saldana in April 2022.[6] See Pls.' Reply, at 9. In

---

[4] The PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . ." 42 U.S.C. § 247d-6d(a)(1). Countermeasures are defined in the Act as including a qualified pandemic or epidemic product, a drug, biological product or device, or a respiratory protective device. Id. § 247d-6d(i)(1).

[5] Defendants' Request for Judicial Notice, ECF No. 22, is DENIED as moot because the Court need not consider the documents therein in reaching its decision. Similarly, Defendants filed an objection to Plaintiffs' Reply brief in which Plaintiffs relied on an unpublished Ninth Circuit decision, but the Court did not consider or rely on that decision here, thus Defendants' Objection, ECF No. 24, is OVERRULED.

[6] Following the conclusion of briefing on the present Motion, on November 21, 2022, the United States Supreme Court denied certiorari in Saldana. See Ex. A, ECF No. 27, at 5.

opposing an award of fees and costs, Defendants seemingly argue that them being "upfront about the existence and effect of binding circuit precedent on their arguments in their removal, in their meet and confer discussions, and in this briefing" should weigh in their favor especially since their intention was only to preserve these arguments for appeal.  See Defs.' Opp'n, at 25.  However, this simply confirms that Defendants removed this case despite binding and on-point Ninth Circuit authority disposing of the same asserted bases for jurisdiction in comparable cases.  Furthermore, the alleged factual distinction between Saldana and the present case raised by Defendants is too insignificant to support the conclusion that "Defendants had an objectively reasonable basis to contend that Saldana does not control the embedded federal question here . . . ." Id. at 24.  Given the foregoing, the Court finds that Plaintiffs are entitled to attorneys' fees and costs associated with removal, and Plaintiffs' counsel will be directed to file a declaration attesting to those fees and costs incurred.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand, ECF No. 15, is GRANTED.  Not later than seven (7) days from the issuance of this Memorandum and Order, Plaintiffs' counsel shall file a declaration setting forth the attorneys' fees and costs accrued in response to Defendants' removal.  Defendants may, but are not required to, file an opposition no later than seven (7) days after the declaration is filed.

IT IS SO ORDERED.

DATED:  January 30, 2023

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE