UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HEARDEN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>WINDSOR REDDING CARE CENTER, LLC, et al.,<br><br>   Defendants. | No.  2:22-cv-00994-MCE-DMC<br><br>**ORDER** |

On January 31, 2023, this Court granted Plaintiffs' Motion to Remand and determined that Plaintiffs are entitled to attorneys' fees and costs associated with removal pursuant to 28 U.S.C. § 1447(c). See ECF No. 28, at 5–6. In compliance with this Court's order, Plaintiffs' counsel timely filed declarations setting forth their proposed attorneys' fees:

   Attorney Richard Frankel (40 years' experience):  12 hours x $800 = $9,600

   Attorney Wendy York (29 years' experience):  6 hours x $850 = $5,100

   Attorney Stuart C. Talley (28 years' experience):  3.5 hours x $825 = $2,887.50

   Attorney Daniel Jay (21 years' experience):  15.9 hours x $500 = $7,950

   Total:  $25,537.50 (37.4 hours)

///

See ECF No. 29, at 3, 7, 11, 20. Defendants have filed an opposition brief. ECF No. 32. For the following reasons, Plaintiffs' request is GRANTED in part.

First, Defendants ask the Court not to award fees for the work performed by Ms. York and Mr. Talley, respectively, arguing that their work was excessive and duplicative and that neither "appear to have handled the main work of researching and writing Plaintiffs' briefs." ECF No. 32, at 3; see Ex. A, York Decl., ECF No. 29, at 7 (stating that she spent six hours on "internal attorney communications, conferring about jurisdiction and legal case research, editing the motion to remand, and reviewing and analyzing Defendants' opposition and providing feed-back to [her] co-counsel . . ."); Ex. B, Talley Decl., id., at 11 (stating he spent 3.5 hours "engaging in internal communications with co-counsel regarding the motion, reviewing and revising the motion and reply, conducting preliminary research regarding the issues addressed in the motion, and preparing and filing a Notice of Supplemental Authority."). Given that Mr. Frankel and Mr. Jay spent a combined 27.9 hours on research and drafting the briefs, the Court finds Ms. York and Mr. Talley's time excessive and duplicative and thus will not award Plaintiffs those fees.

Defendants also seek a reduction in the hours expended by Mr. Frankel and Mr. Jay based on Plaintiffs' counsel's failure to provide detailed contemporaneous billing records. See ECF No. 32, at 2–3. Instead, Plaintiffs' counsel have only provided general descriptions in their declarations as to the work they each completed. See Frankel Decl., ECF No. 29, at 3 (stating he "spent 7 hours researching, preparing and drafting Plaintiffs' Motion to Remand" plus "5 hours . . . researching and drafting Plaintiff's Reply in Support of Motion to Remand."); Ex. C, Jay Decl., id., at 20 (stating he spent 10.2 hours researching the PREP Act and "summarizing and transmitting the research to co-counsel," and 5.7 hours "organizing the facts and drafting the factual history for the Motion to Remand, communications with co-counsel about the Motion to Remand, and preparing edits to Plaintiffs' moving papers."). A lack of billing records is significant in this case because Plaintiffs' counsel are all highly experienced attorneys

1  and have litigated similar or complex cases such that many of the tasks undertaken here
2  would be routine.  Moreover, removal was clearly improper in the first place under
3  controlling, on-point Ninth Circuit caselaw.  See ECF No. 28, at 4–5.  There should have
4  been no need for Plaintiffs' counsel to spend such considerable time on legal research
5  or in conducting particularly complex or difficult legal analysis, especially given the
6  concessions Defendants made regarding the weakness of their position in their Notice of
7  Removal.  See ECF No. 1 ¶¶ 7, 27, 40.  As such, the Court agrees with Defendants that
8  a 25% reduction in the hours sought is warranted.  Mr. Frankel's 12 hours are thus
9  reduced to nine hours, and Mr. Jay's 15.9 hours are reduced to 12.

10     Finally, the Court agrees with Defendants that the hourly rates sought by
11 Plaintiffs' counsel, particularly Mr. Frankel's $800 rate, are not compatible with rates
12 generally approved in the Eastern District of California.[1]  Defendants contend that
13 counsel's rates should not exceed $500 per hour, and the Court agrees.  Therefore, the
14 Court finds an hourly rate of $500 for both Mr. Frankel and Mr. Jay is more reasonable
15 based on their years of experience.  See, e.g., Siafarikas v. Mercedes-Benz USA, LLC,
16 No. 2:20-cv-01784-JAM-AC, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 14, 2022); DCL
17 Tech., Inc. v. Ford Motor Co., No. 1:21-cv-00828-AWI-BAM, 2022 WL 2441572, at *3
18 (E.D. Cal. July 5, 2022).  Overall, in light of the Court's reasoning and resulting
19 modifications, the appropriate award in this case is therefore $10,500 (Mr. Frankel:
20 9 hours x $500 = $4,500; Mr. Jay: 12 hours x $500 = $6,000).
21 ///
22 ///
23 ///
24 ///

---

[1] Plaintiffs' counsel provide a declaration from an expert on attorneys' fees submitted in a state court case in which "he identifies several recent cases in which California courts approved requested attorney's fees at or above the rates requested here."  Frankel Decl., ECF No. 29, at 4; see also Ex. D, Pearl Decl., id., at 34–35.  However, those cases discussed rates found reasonable by courts in the San Francisco Bay Area, none of which are relevant in determining the reasonable rates for services in the Eastern District of California.

3

Accordingly, Plaintiffs' request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is GRANTED in part and DENIED in part. Plaintiffs' counsel shall be awarded $10,500 in attorneys' fees associated with removal. The Clerk of Court is now directed to remand this case back to Shasta County Superior Court and then close the case.

IT IS SO ORDERED.

Dated: February 21, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE